USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/10/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANNY PHIPPS,

                Plaintiff,

           -against-

CITY OF NEW YORK, ET AL.,

                Defendants.

---

17-CV-6603 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Danny Phipps (hereinafter "Plaintiff" or "Mr. Phipps") brings this action *pro se* against the City of New York, Corizon Health Services, New York City Health and Hospitals Corporation, and upwards of one hundred individually named doctors, medical care professionals, employees of the Department of Correction, and employees of Rikers Island (collectively, "Defendants"). Plaintiff claims that Defendants violated his civil rights while he was incarcerated at Rikers Island from 2014 to 2015. Among other things, Plaintiff alleges physical and mental abuse, insufficient medical care, and efforts to conceal his mistreatment. Plaintiff's claims are brought pursuant to a plethora of statutes including 42 U.S.C. §§ 1983, 1985, 1986, Title II of the Americans with Disabilities Act, and the Rehabilitation Act § 504.

Before the Court are Defendants' Motions to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 8(a)(2) for failure to provide a "short and plain statement of the claim." Defendants also seek an order compelling Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

COPIES MAILED

After careful consideration, Plaintiff's FAC is **DISMISSED,** without prejudice, and Defendants' Motions to Compel Plaintiff to provide a more definite statement pursuant to Rule 12(e) are **GRANTED**.

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint on August 28, 2017. ECF No. 2. Service in this case presented a multitude of issues due to the number of named Defendants and the corresponding lack of identifying information. *See* ECF Nos. 6, 25, 37, 51. On February 9, 2018, the Court granted Plaintiff leave to amend his Complaint and set a briefing schedule for Defendants' anticipated Motions to Dismiss. ECF No. 52. Following an extension granted by the Court, Plaintiff filed his FAC, along with supporting documents, on May 30, 2018. ECF No. 92.

On August 30, 2019, two nearly identical Motions to Dismiss Plaintiff's FAC were filed: the City Motion and the Corizon Motion.[1] In light of Plaintiff's lack of response to either Motion, the Court ordered Plaintiff to show cause as to why the Motions should not be deemed unopposed. ECF No. 135. To date, Plaintiff has failed to respond. *See* ECF. As such, Defendants' Motions are deemed unopposed and fully briefed.

## DISCUSSION

### I. Plaintiff's First Amended Complaint is Dismissed, Without Prejudice, for Failure to Comply with Rule 8(a)(2)

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] The City of New York filed an individual Motion to Dismiss (the "City Motion"). ECF No. 110. Defendants Corizon Health, Inc., New York City Health and Hospitals Corporation, Tanisha Vowen, RN, Marcia Beckford, RN, Collette Dweyer, RN, Dr. Maung Maungoo, Michelle Thompson, LPN, Dr. Habib Kamkhaji, Dr. Vishwanath Puttaswamygowda, Dr. Myat Win, Dr. Winston Wi, Dr. Cherchever Arkady, Dr. Raul Ramos, Natacha St. Juste, RN, Patti Ann Jean Louis, RN, PA James Patrick, Dr. Carole Comas, Catherine Jean, RN, Wilma Montaque, RN, and Dr. Saroja Singa also filed an individual Motion to Dismiss (the "Corizon Motion"). ECF No. 113.

2

Fed. R. Civ. P. 8(a)(2). "The purpose of this requirement is to provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." *Strunk v. U.S. House of Representatives*, 68 Fed.Appx. 233, 235 (2d Cir. 2003). The Court has the power to dismiss complaints that fail to comply with the directives of Rule 8(a)(2). *See Schiller v. Duthie*, 2017 WL 3726993, at *12 (S.D.N.Y. Aug, 28, 2017) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Generally, only complaints that are "so confused, ambiguous, vague, or otherwise unintelligible" are dismissed for running afoul of Rule 8(a)(2). *See Arias-Zeballos v. Tan*, 2006 WL 3075528, at *5 (S.D.N.Y. Oct. 26, 2006). However, complaints that are unnecessarily long-winded place an undue burden on the court as well as any parties seeking to respond, and thus may also be dismissed. *See Nungesser v. Columbia University*, 2017 WL 1102661, at *1 (S.D.N.Y. March 23, 2017) ("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").

Here, Plaintiff's FAC totals 469 pages, contains 1,689 paragraphs, and is separated into three parts. *See* ECF No. 92 ("FAC"). In addition, Plaintiff's FAC is supported by 29 exhibits that add an additional 153 pages. *See id*. The length of Plaintiff's FAC alone is sufficient grounds for this Court's dismissal because it is neither short nor plain. *See Blakely v. Wells*, 209 Fed.Appx 18, 19 (2d Cir. 2006) (affirming the dismissal of a complaint spanning 57 pages and containing 597 paragraphs); *Owens v. State of N.Y. Attorney General*, 10 Fed.Appx. 34, 35 (2d Cir. 2001) (affirming the dismissal of a 55 page complaint); *Grimes v. Fremont General Corp.*, 933 F.Supp.2d 584, 595 (S.D.N.Y. 2013) (dismissing a complaint consisting of more than 300 pages and over 1,000 paragraphs); *Jablonksi v. Special Counsel, Inc.*, 2017 WL 4342120, at *7 (S.D.N.Y. Sept. 28, 2017) (dismissing a complaint containing 551 paragraphs).

3

In addition to the length, Plaintiff's FAC is convoluted, confusing, and difficult to comprehend. *See Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (dismissing a *pro se* complaint because it was convoluted, repetitive and difficult to understand); s*ee also Djangmah v. Magafara*, 2018 WL 4080346, at *4 (S.D.N.Y. Aug. 26, 2018) (dismissing a *pro se* complaint where "[p]laintiff list[ed] a multitude of apparent wrongs ... making it effectively impossible to discern the relevant allegations and to which of the Defendants they might apply."). As such, Plaintiff's FAC is dismissed, without prejudice, for failure to comply with Rule 8(a)(2).

## II. Plaintiff is Compelled to Amend his Complaint in Accordance with Rule 12(e)

The difficulties of proceeding *pro se* are not lost on this Court, and the Court construes *pro se* submissions liberally and interprets them to raise the strongest arguments they suggest. *See Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Courts often grant *pro se* plaintiffs leave to amend their submissions when they fail to meet certain procedural requirements. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (explaining that courts are generally flexible with *pro se* plaintiffs and grant them leave to amend their complaints when they fail to meet the pleading requirements). The case is no different when it comes to complaints that fall short of the requirements of Rule 8(a), which apply to plaintiffs proceeding *pro se. See Stewart v. Crosswalks TV Network*, 2002 WL 265162, at *2 (S.D.N.Y. Feb. 25, 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Courts frequently grant plaintiffs who run awry of the pleading standard leave to amend their complaint, unless such amendment would be futile. *See Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (citing *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)).

In accordance with that principle, Defendants seek an order compelling Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P.12(e). Rule 12(e) provides, in part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). Courts may grant a motion for a more definite statement to balance the Second Circuit's direction that *pro se* pleadings be construed liberally with the needs of a respondent to address the claims against it. *Toliver v. City of New York*, 2012 WL 6849720, at *9 (S.D.N.Y. Sep. 25, 2012) (quoting *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005)); *see* Fed. R. Civ. 12(e).

In general, motions for a more definite statement should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001). However, courts in this district have granted such motions when *pro se* complaints were too convoluted, lengthy, or otherwise too difficult to comprehend. *See Pelmen ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439 (S.D.N.Y. 2005). Here, Defendants argue that they cannot meaningfully respond to Plaintiff's Complaint because the FAC is too lengthy, convoluted, and ambiguous, and it does not provide fair notice of Plaintiff's claims against them. *See* City Def. Mem. Supp. Mot. p. 8, ECF No. 112 ("City Mot."); Corizon Mem. Supp. Mot. p. 6, ECF No. 115 ("Corizon Mot."). The Court agrees with Defendants. As previously stated, Plaintiff's FAC totals 467 pages and 1,689 paragraphs, in addition to 29 exhibits. *See* FAC. In many instances, the factual circumstances that give rise to each of Plaintiff's claims are described in upwards of 20 pages. *Id.* ¶¶ 39-79, 106-36, 136-68, 171-201. Furthermore, the exhibits contain a mix of medical records, grievance and infraction reports, in

addition to a diagram. ECF No. 92, Exs 1-29. Plaintiff includes and references these exhibits but leaves it to the Court and Defendants to decipher their relevance and applicability. FAC ¶¶ 413, 1572-78.

Additionally, "a motion for a more definite statement may be granted when the complaint has made general allegations against numerous defendants and has failed to identify the specific defendants against whom plaintiff is asserting each of his causes of action." *Caraveo v. Nielsen Media Research, Inc.*, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002) (citing *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986)). In this instance, Plaintiff names over one hundred Defendants in the FAC and identifies seventeen causes of action. *See* FAC. While, Plaintiff occasionally identifies specific defendants, Plaintiff frequently just states "Defendants" or references unidentified individuals, or refers to various Defendants and groups of Defendants interchangeably. *Id.* ¶¶ 168, 171-75, 223-24, 260-61, 397-98, 502-03. As a result, neither the Court nor Defendants can reasonably discern what Plaintiff's claims are or whom they are against. Accordingly, the Court finds that Defendants would be prejudiced if they were ordered to respond to Plaintiff's FAC as it has presently been submitted.

While Plaintiff was previously afforded an opportunity to amend his Complaint, this Court finds that granting Plaintiff leave to submit a Second Amended Complaint is in the interests of justice and would not be futile given that Plaintiff is proceeding *pro se*. *See* FAC; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Thus, Plaintiff is granted leave to amend his FAC and, in doing so, is compelled to provide a more definite statement.[2]

---

[2] Defendants also argue that certain claims in the FAC are subject to the Prison Litigation Reform Act ("PLRA"). *See* City Mot. p. 12. While the FAC does not clearly discuss administrative exhaustion, the Court does not address exhaustion at this time.

## CONCLUSION

For the aforementioned reasons, Defendants' Motions to Dismiss are hereby **GRANTED**. Plaintiff's First Amended Complaint is hereby **DISMISSED**, without prejudice, and Plaintiff should file a Second Amended Complaint that complies with this Order. Plaintiff is hereby **ORDERED** to file his Second Amended Complaint by October 23, 2019.

**SO ORDERED.**

**Dated:** **September 9, 2019**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**